**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| NATIONAL ELECTRICAL BENEFIT FUND, <br> 2400 Research Boulevard, Suite 500 <br> Rockville, Maryland 20850, <br><br> Plaintiff, <br><br> v. <br><br> CHESTER COUNTY ELECTRIC, INC. <br> a Pennsylvania corporation, <br> 301 National Road, Suite 300 <br> Exton, PA 19341, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No.  8:16-cv-3834 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**COMPLAINT**

1.  This is an action brought by the Trustees of a multiemployer pension plan, the National Electrical Benefit Fund (hereinafter the "NEBF"), to collect delinquent contributions owed to the NEBF by Defendant Chester County Electric, Inc., an employer that is obligated to contribute to the NEBF pursuant to the provisions of its collective bargaining agreements and the NEBF plan documents.

**JURISDICTION AND VENUE**

2.  This Court has jurisdiction of this matter pursuant to Section 502(e) of the Employee Retirement Income Security Act of 1974, as amended (hereinafter "ERISA"), 29 U.S.C. § 1132(e).  Plaintiffs are fiduciaries to the NEBF and this action arises under Sections 502(a)(3)

and 515 of ERISA, 29 U.S.C. §§ 1132(a)(3), and 1145. Venue is proper because the NEBF is administered within this district. ERISA Section 502(e)(2), 29 U.S.C. § 1132(e)(2).

3. This Court also has jurisdiction of this matter pursuant to Section 301 of the Taft-Hartley Act, 29 U.S.C. § 185, as this is an action for a violation of a collective bargaining agreement between an employer and a labor organization.

## PARTIES

4. The NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29 U.S.C. § 1002(2), that has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). Employers agree to participate in the NEBF pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions. The address of the NEBF is 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238.

5. Defendant is an employer engaged in an industry affecting commerce, is contractually and legally obligated to submit contributions to the NEBF, and is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5). Upon information and belief, Defendant is a Pennsylvania corporation whose business address and main place of business is 301 National Road, Suite 300, Exton, PA 19341.

## STATEMENT OF CLAIM

6. Defendant was signatory continuously during all relevant periods to collective bargaining agreements (the "Collective Bargaining Agreements") with the IBEW Local Union

380, now part of IBEW Local 98, as the collective bargaining representatives of Defendant's employees. Pursuant to the Collective Bargaining Agreements, Defendant was obligated to submit contributions to the NEBF on behalf of the employees covered by the Collective Bargaining Agreements during all relevant times.

7. Defendant, pursuant to the Collective Bargaining Agreements, has been and is also bound to all terms and conditions of the Restated Employees Benefit Agreement and Trust for the National Electrical Benefit Fund (the "NEBF Trust Agreement"), which has governed the administration of the NEBF at all times relevant to this action.

8. At all times relevant to this Complaint, the Collective Bargaining Agreements and the NEBF Trust Agreement obligated Defendant (i) to file monthly payroll reports with the NEBF identifying the employees who performed covered work, the hours worked by each covered employee, and the gross labor payroll paid to each covered employee; and (ii) contribute 3% of the gross wages paid to all such covered employees on or before the 15th of the month following the month in which the covered work was performed.

9. Notwithstanding its obligations pursuant to the Collective Bargaining Agreements and the NEBF Trust Agreement, Defendant failed to timely report or contribute to NEBF for work performed by Defendant's covered employees between December 2012 and December 2015.

10. NEBF did not know or have reason to know that Defendant's employees performed covered work in between December 2012 and July 2015 until Defendant filed reports for those months in August 2015.

11. The reports submitted to NEBF in August 2015 were not accompanied by the corresponding contributions.

12.     NEBF and its counsel made several demands for payment of the amounts reported to be due, but Defendant failed and refused to satisfy its contractual obligations.

13.     According to the reports prepared by Defendant, total of at least $13,070.13 in contributions is due for work performed by Defendant's covered employees between February 2013 through July 2015.

14.     Upon information and belief, Defendant's employees continued to work in the jurisdiction of IBEW Local Union 98 from August 2015 through December 2015, but Defendant failed and refused submit payroll reports to NEBF or make the contributions owed to NEBF in connection with that work.

15.     Despite Defendant's breaches of its obligations, the Trustees to the NEBF will be required to provide benefits to NEBF participants employed by Defendant, upon their retirement, based on their years of credited service, which would include that period during which Defendant failed to contribute.  This could result in a reduction of the corpus of the trust, thereby endangering the rights and benefits of other participants and beneficiaries on whose behalf contributions have been properly made.

16.     Section 515 of ERISA requires an employer to make contributions to a multiemployer pension plan in accordance with its obligations under a collectively bargained agreement and the plan documents.  29 U.S.C. § 1145.

17.     Section 502(a)(3) of ERISA provides that a fiduciary may enforce the provisions of ERISA and the terms of the plan through a civil action.  29 U.S.C. § 1132(a)(3).

18.     Section 502(g)(2) of ERISA provides that a fiduciary of a multiemployer plan, bringing suit to recover delinquencies under Section 515, shall recover in addition to the unpaid

contributions, interest thereupon, liquidated damages, attorney's fees and costs, and other appropriate legal and equitable relief.  29 U.S.C. § 1132(g)(2).

19. The NEBF Trust Agreement authorizes the Trustees to take all necessary actions to recover delinquent contributions.  In addition, it authorizes the Trustees to recover interest on the delinquent contributions at a rate of ten percent (10%) per annum, liquidated damages in an amount equal to twenty percent (20%) of the delinquency, and all costs, including attorneys' fees incurred in collecting the delinquency.

20. In accordance with ERISA and the NEBF Trust Agreement, at least $4,057.24 in interest and $2,767.06 in liquidated damages are due on the delinquent contributions reported to NEBF by Defendant in August 2015.  Additional amounts are due in connection with the contributions due for the periods August 2015 to December 2015, but those amounts cannot be determined until Defendant provides NEBF with the required payroll reporting forms for those periods.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in their favor, and that the Court's judgment include:

(a) **$13,070.13**, representing delinquent contributions for the payroll periods of February 2013 through July 2015;

(b) **$4,057.24**, representing interest on the aforementioned delinquent and other late paid contributions, calculated at the rate of 10% per annum compounded monthly through the date hereof;

(c) **$2,767.06**, representing liquidated damages in the amount of 20% of the aforementioned and other late paid delinquent contributions;

  (d)  An order directing Defendant to provide NEBF with payroll records for the period August 2015 through December 2015, and that it pay the corresponding contributions, interest and liquidated damages; and

  (e)  An award of all reasonable attorneys' fees and the costs of this action.

Plaintiffs further pray that the Court grant such other legal and equitable relief as the Court deems appropriate.

Dated: November 30, 2016     */s/ Jennifer Bush Hawkins*
               Jennifer Bush Hawkins
               Federal Bar No. 13064
               **POTTS-DUPRE, HAWKINS & KRAMER, CHTD.**
               900 7th Street NW, Suite 1020
               Washington, DC 20001-3888
               Phone: 202-223-0888
               Email:  jhawkins@phk-law.com

               *Attorneys for the*
               *National Electrical Benefit Fund*