FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2017 AUG 10 A 11: 32

CLERK'S OFFICE
AT GREENBELT

BY_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

NATIONAL ELECTRICAL
BENEFIT FUND,

    Plaintiff,

v.

    Case No.: GJH-16-3834

CHESTER COUNTY ELECTRIC,
INC.

    Defendant.

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff National Electrical Benefit Fund ("Plaintiff" or "NEBF") brings this action against Defendant Chester County Electric, Inc. ("Defendant") under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 *et seq.* Following Defendant's failure to answer or otherwise defend in this action, the Clerk entered default against Defendant on February 13, 2017. ECF No. 20. Now pending before the Court is Plaintiff's Motion for Default Judgment against Defendant pursuant to Fed. R. Civ. P. 55(b). ECF No. 6. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). For the following reasons, Plaintiff's Motion for Default Judgment is granted, and judgment is entered against Defendant in the amount of $20,732.49.

### I. BACKGROUND

The following facts are established by the Complaint, ECF No. 1, and evidentiary exhibits in support of the Motion for Default Judgment, ECF Nos. 6-1–6-4. The NEBF is a multiemployer employee pension benefit plan within the meaning of Section 3(2) of ERISA, 29

U.S.C. § 1002(2), which has been established pursuant to an agreement entered into between the International Brotherhood of Electrical Workers ("IBEW") and the National Electrical Contractors Association ("NECA"). ECF No. 1 ¶ 4; *see* ECF No. 6-3 at 1.[1] Employers agree to participate in the NEBF pursuant to collective bargaining agreements with the IBEW or one of its affiliated local unions. ECF No. 1 ¶ 4. The NEBF is administered at 2400 Research Boulevard, Suite 500, Rockville, Maryland 20850-3238. *Id.*

Plaintiff states upon information and belief that Defendant Chester County Electric, Inc. is a Pennsylvania corporation whose business address and main place of business is 301 National Road, Suite 300, Exton, PA 19341. ECF No. 1 ¶ 5. Defendant is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce. *Id.*

At all times relevant to the action, Defendant was a signatory to collective bargaining agreements ("Collective Bargaining Agreements") with IBEW Local Union 380, now part of IBEW Local 98, the collective bargaining representatives for Defendant's employees. *Id.* ¶ 6. According to the Complaint, the Collective Bargaining Agreements obligated Defendant to submit contributions to the NEBF on behalf of employees covered by the Agreements. *Id.* Defendant was also bound to the terms and conditions of the Restated Employees Benefit Agreement and Trust ("Trust Agreement"), which governed administration of the NEBF. *Id.* ¶ 7. The Trust Agreement obligated Defendant, among other things, to file monthly payroll reports identifying employees and work covered under the Agreements, and contribute three percent of the gross wages paid to all such covered employees following the month in which the covered

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

work was performed. *Id.* ¶ 8. The Trust Agreement also authorized the Trustees to take all necessary actions to recover delinquent contributions. ECF No. 1 ¶ 19; *see* ECF No. 6-3 at 7.

Defendant allegedly failed to timely report or contribute to NEBF for work performed by Defendant's covered employees between December 2012 and July 2015.[2] *See* ECF No. 1 ¶¶ 9–10; ECF No. 6-4 at 1. Plaintiff discovered these omissions when Defendant filed reports for the aforementioned months in August 2015. *Id.* At that time, $13,835.00 was owed.[3] *Id.* ¶ 13. Plaintiff has made several demands for payment from Defendant. *Id.* ¶ 12. Since then, Defendant has paid $1,128.52 towards the unpaid contributions, leaving an outstanding balance of $12,706.76.

Plaintiff filed the instant Complaint against Defendant on November 30, 2016. ECF No. 1. Defendant's President, John Gleason, returned an executed Waiver of Service to Plaintiff on January 15, 2017. *See* ECF No. 4. An Answer from Defendant was due on or before January 30, 2017. *Id.* On February 23, 2017, with no answer having been filed, Plaintiff moved for default, and the Clerk entered default against Defendant on March 6, 2017. *See* ECF Nos. 5 and 7. Plaintiff now seeks default judgment against Defendant in the amount of $12,706.76 in delinquent contributions; $4,479.67 in interest accrued; $2,767.06 in liquidated damages; and

---

[2] In addition, Defendant failed to submit reports for August 2015 through December 2015. *See* ECF No. 1 ¶¶ 9, 14; ECF No. 6-4 at 1. While the Complaint requests additional reporting and relief for these five months, Plaintiff appears to have withdrawn this request in the Motion for Default Judgment, seeking only outstanding contributions from December 2012 through July 2015. *See* ECF No. 6 ¶ 8.

[3] The Complaint states that Defendant owed $13,070.13 in delinquent contributions from February 2013 through July 2015. ECF No. 1 ¶ 13. However, the NEBF Delinquency Report, attached to Plaintiff's Motion for Default Judgment, also includes the two months of December 2012 and January 2013, from which an additional $765.15 is owed. ECF No. 6-4 at 2. The Complaint, while it does not include this dollar amount, does reference Defendant's failure to pay during these two months. Thus, Defendant owed $13,835.28 in delinquent contributions by August 2015, prior to subsequent payments totaling $1,128.52, which Defendant made in October, November, and December 2016. *See* ECF No. 6-4 at 2. Accordingly, the Motion for Default Judgment now seeks a total of $12,706.76 in delinquent contributions. ECF No. 6 ¶ 8. Because the amount in delinquent contributions now sought in the Motion for Default Judgment does not exceed in amount or differ in kind from what was sought in the Complaint, the $765.15 will be considered in the total.

$779.00 in attorneys' fees and costs — for a total of $20,732.49, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2). ECF No. 6.

## II. STANDARD OF REVIEW

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). "A defendant's default does not automatically entitle the plaintiff to entry of a default judgment; rather, that decision is left to the discretion of the court." *Educ. Credit Mgmt. Corp. v. Optimum Welding*, 285 F.R.D. 371, 373 (D. Md. 2012). Although "[t]he Fourth Circuit has a 'strong policy' that 'cases be decided on their merits,'" *Choice Hotels Intern., Inc. v. Savannah Shakti Carp.*, No. DKC-11-0438, 2011 WL 5118328 at *2 (D. Md. Oct. 25, 2011) (citing *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment may be appropriate when the adversary process has been halted because of an essentially unresponsive party[.]" *Id.* (citing *S.E.C. v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005)).

"Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not." *Lawbaugh*, 359 F. Supp. 2d at 422; *see also Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (noting that "[t]he defendant, by [its] default, admits the plaintiff's well-pleaded allegations of fact," which provide the basis for judgment). Upon a finding of liability, "[t]he court must make an independent determination regarding damages . . ." *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 684 (D. Md. 2013). Fed. R. Civ. P. 54(c) limits the type of judgment that may be entered based on a party's default: "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."

4

While the Court may hold a hearing to prove damages, it is not required to do so; it may rely instead on "detailed affidavits or documentary evidence to determine the appropriate sum." *Adkins*, 180 F. Supp. 2d at 17 (citing *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979)).

### III. ANALYSIS

The Court has subject matter jurisdiction over this action pursuant to Section 502 of ERISA, 29 U.S.C. § 1132 and 1451(c). Venue is proper under 29 U.S.C. §§ 1132(e)(2), 1451(d), as the NEBF is administered in Rockville, Maryland. *See Bd. of Trs., Sheet Metal Workers' Nat'l Pension Fund v. McD Metals, Inc.*, 964 F. Supp. 1040 (E.D. Va. 1997); *Trustees of Nat. Automatic Sprinkler Indus. Pension Fund v. Best Automatic Fire Prot., Inc.*, 578 F. Supp. 94, 95 (D. Md. 1983).

Under ERISA, "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145; *see Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Camelot Constr., Inc.*, No. 1:14-CV-161-LMB-TRJ, 2015 WL 13050031, at *3 (E.D. Va. Apr. 14, 2015). In the Complaint, Plaintiff alleges that Defendant was obligated under the terms of the Collective Bargaining Agreements and Trust Agreement to make contributions to NEBF, but failed to do so between December 2012 and July 2015, leaving an outstanding contribution balance of $12,706.76. *See* ECF No. 1 at 3. The Affidavit of Angel Losquadro, Director of the Audit and Delinquency Department of the NEBF and the accompanying NEBF Delinquency Report further establish that Defendant underpaid NEBF by this amount. ECF Nos. 6-2 and 6-4.

5

29 U.S.C. § 1132(g)(2) provides that in any action brought to enforce the payment of delinquent contributions, and in which a judgment in favor of the plan is awarded, the court shall award the plan:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of—
>   i. interest on the unpaid contributions, or
>   ii. liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2); *see also Columbus Show Case Co.*, 2014 WL 3811252, at *4 (E.D. Va. Aug. 1, 2014); *Int'l Painters & Allied Trades Indus. Pension Fund v. Capital Restoration & Painting Co.*, 919 F. Supp. 2d 680, 686 (D. Md. 2013); *Trustees of Plumbers & Pipefitters Nat. Pension Fund v. Lake Side Plumbing & Heating, Inc.*, No. 1:12-CV-00298 LO/IDD, 2012 WL 6203001, at *4 (E.D. Va. Nov. 20, 2012). Thus, assuming the truth of the well-pleaded allegations in the Complaint, Plaintiff has established Defendant's liability under the Collective Bargaining Agreements, Trust Agreement, and Section 502(g) of ERISA, 29 U.S.C. § 1132(g)(2).

In support of its request for damages, Plaintiff submits a Delinquency Report for the months of December 2012 through February 2017, ECF No. 6-4 at 1–2, and the Affidavit of Angel Losquadro, ECF No. 6-2 at 1–3. The Report indicates that $13,835.00 was outstanding from unpaid contributions during the months between December 2012 and July 2015. *Id.* The Report further indicates that Defendant has paid $1,128.52 towards this balance during the

months of October 2016 through December 2016, leaving an outstanding contribution balance of $12,706.76.

Losquadro attests that pursuant to the Trust Agreement and 29 U.S.C. § 1132(g)(2), NEBF is authorized to recover interest on delinquent contributions at a rate of ten percent per annum and liquidated damages in the amount of twenty percent of the delinquency. ECF No. 6-2 ¶ 4. Thus, in addition to the $12,706.76 in unpaid contributions, *see* 29 U.S.C. § 1132(g)(2)(A), Defendant owes $4,479.67 in interest on the delinquent contributions, *see* 29 U.S.C. § 1132(g)(2)(B), and $2,767.06 in liquidated damages, *see* 29 U.S.C. § 1132(g)(2)(C)(ii).

In support of Plaintiff's request for attorneys' fees and costs in an amount of $779.00, Plaintiff attaches the Affidavit of attorney Jennifer Bush Hawkins. ECF No. 6-1. $779.00 represents one hour of work done by Hawkins, at a rate of $379.00, and a $400.00 filing fee. *Id.* at 2. The Court finds the time billed and hourly rate applied to be reasonable and commensurate with the Local Guidelines (D. Md. July 1, 2016). Therefore, the request will be granted in full. *See Nat'l Elec. Benefit Fund v. Allran/Hemmer Elec., LLC*, No. GJH-16-1184, 2017 WL 1273922, at *4 (D. Md. Jan. 6, 2017) (awarding attorneys' fees and expenses to same counsel for NEBF). Defendant therefore owes $779.00 in attorneys' fees and costs, *see* 29 U.S.C. § 1132(g)(2)(D).

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Default Judgment, ECF No. 6, is granted against Defendant in the total amount of $20,732.49. Additionally, post-judgment interest shall accrue until the judgment is satisfied pursuant to 28 U.S.C. § 1961. A separate Order shall issue.

Date: August 10, 2017

GEORGE J. HAZEL
United States District Judge